UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRACY TIWANNA JOHNSON,

    Plaintiff,

v.                                                  Case No. 4:21-cv-210-MW/MJF

CHRISTOPHER CAVE, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the court on Plaintiff's amended complaint. Because Plaintiff's amended complaint fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's complaint be dismissed.[1]

**I. BACKGROUND**

On July 30, 2021, the undersigned reviewed Plaintiff's original complaint, determined that it was a so-called "shotgun pleading," and advised Plaintiff that she was required to submit an amended complaint.[2] (Doc. 3 at 2-5); *see Estate of Bass*

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

[2] Plaintiff's original complaint appeared to allege at least six different claims and named nine individuals in both their official and individual capacities. Plaintiff,

*v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (directing that courts strike shotgun pleadings and *sua sponte* give a party a chance to replead).

The undersigned's order also included a section titled "**<u>Impermissible Defendants</u>**." (Doc. 3 at 6). Under this heading, the undersigned provided Plaintiff the following information: "As a matter of law, **individual employees cannot be named as defendants under Title VII**." (*Id.*) (citing 42 U.S.C. § 2000e-16(c) and *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)). The undersigned warned Plaintiff that she "should consider whether she may properly bring a Title VII . . . claim against each of the named Defendants." (*Id.*).

In light of the complaint's deficiencies, the undersigned provided Plaintiff until August 16, 2021 to submit an amended complaint. The undersigned also warned Plaintiff that the failure to comply with the order could result in dismissal of the action for failure to state a claim upon which relief can be granted. (*Id.* at 12).

Plaintiff timely filed her amended complaint and named only three Defendants, all of whom are employees of the Office of the Inspector General of the United States Postal Service: (1) Christopher Cave, Deputy Assistant Special Agent in Charge; (2) Maximo Eamiguel, Executive Special Agent in Charge; and (3) Yvette Savoy, Deputy Assistant Inspector General in Charge. (Doc. 4 at 1-4).

---

however, did not identify which claim or claims were brought against particular Defendants or in which capacity she sought to assert each particular claim.

Plaintiff explains that Defendant Cave was her direct supervisor. (Doc. 1 at 8 ¶ 5). She alleges that Defendant Eamiguel was Cave's direct supervisor, and that Defendant Savoy was the direct supervisor of Cave and Eamiguel. (Doc. 4 at 6 ¶¶ 6-7). Plaintiff sues each of these Defendants in their individual capacity for disparate treatment (on the basis of sex and race) and retaliation in violation of Title VII of the Civil Rights Act of 1964. (*Id.* at 6-7).

## II. APPLICABLE LAW

Courts must hold complaints drafted by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). Nevertheless, district courts possess the inherent authority to dismiss claims *sua sponte* when they are patently frivolous. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983). Frivolous claims may be dismissed without giving notice to a party and even prior to service of process. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1323 (11th Cir. 2001). A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

### III. DISCUSSION

It is well established that "individual capacity suits under Title VII" are inappropriate. *Busby*, 931 F.2d at 772. This applies even with claims brought by federal employees. 42 U.S.C. § 2000e-16(c) (granting federal employee the right to file a judicial complaint in which "the head of the department, agency, or unit, as appropriate, shall be the defendant"); *Roland v. Potter*, 366 F. Supp. 2d 1233, 1235 (S.D. Ga. 2005); *Garcia-Cabrera v. Cohen*, 81 F. Supp. 2d 1272, 1278 (M.D. Ala. 2000) ("Title VII provides aggrieved federal employees no cause of action whatsoever against co-workers or supervisors for alleged employment discrimination") (citing *Newbold v. United States Postal Service*, 614 F.2d 46, 47 (5th Cir. 1980) (per curiam) and *Canino v. U.S. E.E.O.C.*, 707 F.2d 468, 472 (11th Cir. 1983)). Thus, Title VII claims brought against mere co-workers and supervisors as individuals are frivolous. *See Provesal v. Gaspard*, 524 F. App'x 974, 977 (11th Cir. 2013) ("Gaspard was not an employer and therefore could not be sued in his individual capacity under Title VII. That fact was obvious from the outset. The court again correctly concluded that the claim was frivolous.").

Here, the undersigned warned Plaintiff that she could not sue individual employees under Title VII. (Doc. 3 at 6) (citing 42 U.S.C. § 2000e-16(c) and *Busby*, 931 F.2d at 772). Despite this warning and the opportunity to amend her complaint, Plaintiff still named as Defendants her supervisors, whom she seeks to sue in their

individual capacities. Plaintiff's claims against these Defendants are patently frivolous. The District Court, therefore, should dismiss them for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be dismissed for failure to state a claim upon which relief can be granted.

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida this 25th day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**